BARHAM, J.,
dissents. I am of the opinion the relator has made factual allegations of disparity of blacks by population (30.7%) and blacks who were placed on petit jury venire (8.0%). The United States Supreme Court has repeatedly held that a showing of disparity “ * * * * made out a prima facie case of the denial of equal protection which the Constitution guarantees.” Norris v. Alabama, 294 U.S. 587, 55 *909 S.Ct. 579, 79 L.Ed. 1074 (1935). In Avery v. Georgia, 345 U.S. 559, 73 S.Ct. 891, 97 L.Ed. 1244 (1953), the Court said, “We have held before and the Georgia Supreme Court, itself, recently followed these decisions, that when a prima facie case of discrimination is presented, the burden falls, forthwith, upon the State to overcome it,” citing Norris v. Alabama, supra; Hill v. Texas, 316 U.S. 400, 62 S.Ct. 1159, 86 L. Ed. 1559 (1942); Patton v. Mississippi, 332 U.S. 463, 68 S.Ct. 184, 92 L.Ed. 76 (1947). See also Whitus v. Georgia, 385 U.S. 545, 87 S.Ct. 643, 17 L.Ed.2d 599 (1967). See my dissent in State v. Kilbourne, 260 La. 569, 256 So.2d 630 (1972). The allegation of disparity establishes a prima facie showing of discrimination entitling relator to an evidentiary hearing.